UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:21-CR-70 |
| | ) | |
| ENOCH ELLER, JR. | ) | |

## SENTENCING MEMORANDUM

COMES NOW Defendant Enoch Eller, Jr.,[1] by and through his undersigned counsel, and respectfully submits this memorandum to assist the Court at his sentencing on Tuesday, January 4, 2022 at 10:30 a.m.

--------

But, surely, if ever a man is to receive credit for the good he has done, and his immediate misconduct assessed in the context of his overall life hitherto, it should be at the moment of his sentencing, when his very future hangs in the balance. This elementary principle of weighing the good with the bad, which is common to all the great religions, moral philosophies, and systems of justice, was plainly part of what Congress had in mind when it directed courts to consider, as a necessary sentencing factor, "the history and characteristics of the defendant."[2]

---

[1] Because his father who shares his name has submitted a letter to the Court, Enoch Eller Jr. will be referred to as simply "Enoch" in this memorandum to avoid confusion between the two.

[2] United States v. Adelson, 441 F. Supp. 2d 506, 513-14 (S.D.N.Y. 2006), aff'd 301 Fed. Appx. 92 (2d Cir. 2008).

1

## I. Enoch's "History and Characteristics"[3] Are Different Than the Usual Defendant.

When Enoch was nineteen years old, he made the decision to spend two years in service to the people of Korea. In so doing, Enoch left his friends and family and the comforts of this country. He postponed his employment plans and gave up his athletic pursuits in order to serve people less fortunate than himself.

While in Korea, Enoch helped serve those in need, and, when people would listen to him, share his religious conviction with them. For two years, Enoch lived among the people that he served. For those entire two years, he was only able telephone home to his family four times. In other words, Enoch was completely devoted to his service for those two years and he looks back on that time of his life fondly.

After returning home to this country, Enoch married his high school sweetheart and enlisted in the military. He was first stationed on the coast of Washington State where he participated in search and rescue operations. When he was transferred to Cleveland on Lake Erie, he participated in pollution response efforts. After the terrorist attacks on September 11, 2001, he was stationed for two

---

[3] Submitted contemporaneously to the Court with this memo are photographs and letters from his parents, his sister, his brother-in-law, and three church members, which are an excellent source of information about Enoch's "history and characteristics" which the Court is required to consider under 18 U.S.C. § 3553(a)(1).

months at the mouth of New York Harbor where he boarded all incoming ships to protect against further attacks.

After he left active duty, Enoch served in the reserves for seven years. During that time, his unit was involved in the responses to the Graniteville train wreck, Hurricane Katrina, and Hurricane Ike. Enoch supervised the clean-up of hazardous materials and pollutants and maintained the protective gear used in that work.

Enoch's wife has supported him throughout his military service and his civilian government service. They have been blessed with four beautiful daughters who mean the world to them. Enoch is a very devoted father who does everything he can to be at all of his daughters' events.

Enoch is also loved by his extended family. He cared for his elderly grandparents until they both passed away within the past ten years. He is the family member that his siblings turn to when they are going through difficult times. His extended family wanted to be present for his sentencing, but they were unable to make the long trip due to a combination of health issues and employment responsibilities.

As shown by the letters that have been submitted to the Court and also by those who will be present at the sentencing hearing, Enoch is also loved by his fellow church members. When he is not caring for his own family, Enoch devotes a significant amount of his time outside of his job volunteering in church matters.

II.  **Consideration of the Sentences Available Shows that the Requested Sentence is Appropriate.**

The factors addressed in this memorandum, both individually and in combination, make this case unusual and illustrate why probation is a punishment "sufficient, **but not greater than necessary**, to accomplish the sentencing goals advanced." Kimbrough v. United States, 552 U.S. 85, 111 (2007) (emphasis added).

### A. The Consequences of Enoch's Felony Conviction Alone Are Sufficient Punishment without Imposing Additional Incarceration.

For many defendants in the usual federal case, some would say that imprisonment is the only effective punishment available to the Court.[4] Enoch, however, is very different from the usual defendant. Apart from the collateral consequences that the usual defendant faces, Enoch's conviction effectively ends his life's work in government service. Enoch's conviction negates his field of study and all of his past work experience and greatly limits his ability to find employment.

### B. A Supervisory Sentence is Appropriate in this Case.

This Court has the authority to impose a sentence of probation in this case. 18

---

[4] Some commonly-heard observations about federal defendants include:
> The stigma of a felony conviction is absent because they already have a lengthy criminal history. They are not worried about losing a job because they never had one in the first place. They are not otherwise qualified for the professions that a felony conviction bars them from entering. Fines are ineffective because they cannot pay them. Probation is not an option because they have demonstrated from their multiple convictions that they will not obey the conditions of supervision.

None of these apply to Enoch.

U.S.C. §§ 3553(a)(3), 3561(a). In fact, § 3553(a)(3) specifically directs the Court to consider sentences other than imprisonment.  As reflected in paragraph 66 of the presentence investigation report, Enoch is eligible under 18 U.S.C. § 3561(c)(1) for a sentence of probation.

The severity of a federal probationary sentence should not be underestimated. As the Supreme Court stated in Gall v. United States:

> Offenders on probation are . . . subject to several standard conditions that substantially restrict their liberty. See United States v. Knights, 534 U.S. 112, 119 (2001) ('Inherent in the very nature of probation is that probationers do not enjoy the absolute liberty to which every citizen is entitled.') (quoting Griffin v. Wisconsin, 483 U.S. 868, 874 (1987)). Probationers may not leave the judicial district, move, or change jobs without notifying, and in some cases receiving permission from, their probation officer or the court. They must report regularly to their officer, permit unannounced visits to their homes, refrain from associating with any person convicted of a felony, and refrain from excess drinking. U.S.S.G. § 5B1.3. Most probationers are also subject to individual 'special conditions' imposed by the court.

552 U.S. 38, 48 (2007) (footnote omitted).

If the Court allows Enoch to remain under the supervision of the United States Probation Office for the District of South Carolina, he will continue working at his current job so that he can help support his family and pay any financial penalty the Court imposes.  As reflected on page 17 of the presentence investigation report, instead of costing taxpayers $121 each day that he is imprisoned, Enoch can be working and paying taxes to contribute to the $12 it costs per day for him to be under

the supervision of the Probation Office.

## III. CONCLUSION

Enoch and his family are paying dearly for the terrible decisions he made and will continue to do so for the rest of his life. He is remorseful and does not seek to diminish the gravity of his conduct, but he respectfully asks the Court to follow the recommendations of the prosecutor and the presentence report and impose a sentence of probation.

Respectfully submitted this 3rd day of January, 2022.

>*/s/ David M. Stewart*
>CROWDER STEWART LLP
>Post Office Box 160
>Augusta, Georgia 30903

## **CERTIFICATE OF SERVICE**

The undersigned certifies that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This 3rd day of January, 2022.

> */s/ David M. Stewart*
> CROWDER STEWART LLP
> 540 James Brown Boulevard
> Post Office Box 160
> Augusta, Georgia 30903
> 706.434.8799
> 706.922.7874 (Fax)